UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

THOMAS D'AQUIN                                CIVIL ACTION

VERSES                                        NO: 15-2524

ANDREW KRAMER ET AL                           SECTION: "H"(1)

### ORDER & REASONS

Before the Court is Defendants' Motion to Dismiss (Doc. 10). For the following reasons, the Motion is GRANTED.

### BACKGROUND

This is a *pro se* action for compensation stemming from alleged violations of the Fifth and Fourteenth Amendments, as well as "Civil Rights Laws of 1871 and 1961" and the "Fair Credit Act of 2009."[1] Plaintiff appears to allege that he was subjected to harassment and a wrongful search of his home at in New Orleans.  Plaintiff alleges that, pursuant to a Writ of Seizure

---

[1] Doc. 1.

1

obtained from the Civil District Court for the Parish of Orleans, Defendant Stacey Morgan and his attorney, Defendant Andrew Kramer, "along with five other persons including a locksmith invaded our home."[2] Plaintiff further alleges that this Writ of Seizure was fraudulently obtained. Plaintiff seems to allege that Defendants pursued this course of conduct due to some discriminatory animus based in the fact that Plaintiff's wife is black.[3] He demands $1 million from each Defendant "because they obviously work as conspirators to violate the rights of a citizen."[4] He further claims that this sum is in compensation for Defendants forcing his spouse to leave the country. Defendant filed this Motion to Dismiss pursuant to Rules 12(b)(1) and 12(b)(6).

## LEGAL STANDARD

### I. Motion to Dismiss for Lack of Subject Matter Jurisdiction

A Rule 12(b)(1) motion challenges the subject matter jurisdiction of a federal district court. "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."[5] In ruling on a Rule 12(b)(1) motion to dismiss, the court may rely on (1) the complaint alone, presuming the allegations to be true, (2) the complaint supplemented by undisputed facts, or (3) the complaint

---

[2] Doc. 1, ¶4.
[3] Doc. 1, ¶2.
[4] Doc.1.
[5] *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998).

supplemented by undisputed facts and by the court's resolution of disputed facts.[6] The proponent of federal court jurisdiction—in this case, the Plaintiff—bears the burden of establishing subject matter jurisdiction.[7]

## II. Motion to Dismiss for Failure to State a Claim

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim to relief that is plausible on its face."[8] A claim is "plausible on its face" when the pleaded facts allow the court to "[d]raw the reasonable inference that the defendant is liable for the misconduct alleged."[9] A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."[10] The Court need not, however, accept as true legal conclusions couched as factual allegations.[11]

To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.[12] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not suffice.[13] Rather, the complaint must contain enough factual

---

[6] *Den Norske Stats Oljesels kap As v. Heere MacVof*, 241 F.3d 420, 424 (5th Cir. 2001).

[7] *See Physicians Hosps. of Am. v. Sebelius*, 691 F.3d 649, 652 (5th Cir. 2012).

[8] *Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).

[9] *Id.*

[10] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009).

[11] *Iqbal*, 556 U.S. at 667.

[12] *Id.*

*Id.* at 678 (quoting *Twombly*, 550 U.S. at 555).

allegations to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiffs' claim.[14]

## LAW AND ANALYSIS

Defendants filed this Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Though Plaintiff has not filed an opposition, the Court may not simply grant the motion as unopposed. The Fifth Circuit approaches the automatic grant of dispositive motions with considerable aversion.[15] Accordingly, this Court has considered the merits of Defendants' motion. Because Plaintiff is *pro se*, his pleadings must be liberally construed.[16]

The Court addresses the jurisdictional challenge first.[17] The basic statutory grants of federal court subject matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Though the complaint does not explicitly state the basis for subject matter jurisdiction, Plaintiff alleges violations of the Fifth and Fourteenth Amendments in an attempt to invoke the Court's federal question jurisdiction. Affording the Plaintiff the liberal construction due *pro se* pleadings, it appears to the Court that he attempts to bring an

---

[14] *Lormand*, 565 F.3d at 255–57.

[15] *See, e.g.*, *Servicios Azucareros de Venezuela, C.A. v. John Deere Thibodeaux, Inc.*, 702 F.3d 794, 806 (5th Cir. 2012); *Johnson v. Pettiford*, 442 F.3d 917, 918 (5th Cir. 2006) (per curiam); *John v. State of Louisiana (Bd. of Trs. for State Colls. and Univs.)*, 757 F.2d 698, 709 (5th Cir. 1985).

[16] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

[17] *See Ramming v. United States,* 281 F.3d 158, 161 (5th Cir. 2001) ("When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits.").

action pursuant to 42 U.S.C. § 1983. This is sufficient to grant the Court subject matter jurisdiction.

The Court now turns to the sufficiency of the Plaintiff's Complaint. As noted above, it appears to the Court that Plaintiff attempts to bring an action under 42 U.S.C. § 1983 for violation of civil rights. This statute provides a civil remedy for deprivations of rights secured by the Constitution and laws of the United States when that deprivation takes place "under color of any statute, ordinance, regulation, custom, or usage of any State or Territory."[18] Put differently, "[t]o state a claim under § 1983, plaintiffs must allege two elements: first that they were deprived of a right or interest secured by the Constitution and laws of the United States, and second that the deprivation occurred under color of state law."[19] "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful."[20] Plaintiff's complaint contains no allegation that Defendants are state actors or otherwise acted under color of state law. Because Plaintiff fails to allege this threshold requirement for an action under § 1983, his claims are dismissed.

---

[18] 42 U.S.C. § 1983.
[19] *Doe v. Rains County Ind. School Dist*, 66 F.3d 1402, 1406 (5th Cir. 1995).
[20] *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (internal citations omitted).

5

## CONCLUSION

For the foregoing reasons, Defendants' Motion is GRANTED. Plaintiff's claims are DISMISSED WITHOUT PREJUDICE. Plaintiff is given leave to amend his complaint within 20 days of this Order to the extent that he can plausibly state a claim against Defendants.

New Orleans, Louisiana this 25th day of September, 2015.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**